# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Naeem Al-Zaidy,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-17-01052-PHX-JAT (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Ali Naeem Al-Zaidy has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 6.) Respondents have filed a notice asserting that the Court lacks subject matter jurisdiction over the Amended Petition because it is an unauthorized second or successive petition. (Doc. 13.) The Court construed the notice as a motion to dismiss for lack of subject matter jurisdiction and permitted Petitioner to file a response. (Doc. 14.) Petitioner has filed a response in which he concedes that his Amended Petition is second or successive and asks the Court to stay this matter while he seeks permission from the Ninth Circuit Court of Appeals to file a second or successive petition. (Doc. 15.) As set forth below the Court recommends that this matter be transferred to the Ninth Circuit.

**I.    Discussion**

Ninth Circuit Rule 22-3(a) provides that:

> [a]n applicant5 seeking authorization to file a second or successive 28 U.S.C. § 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under

> sections 2254. . . . If an unauthorized second or successive 2254 petition . . . is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.

Here, Petitioner has filed a successive petition challenging the same conviction (Maricopa County Superior Court case No. CR 1998-010598) that he challenged in a previous petition for writ of habeas corpus. (*Compare* Doc. 1 *with Al-Zaidy v.Franco*, CV-09-1440-PHX-JAT (LOA); Doc. 13, Ex. A.) That petition was dismissed as time barred. (Doc. 13, Ex. B.) Accordingly, the Amended Petition is a "second or successive" petition under 28 U.S.C. § 2244(b), which Petitioner may not file in this Court without permission from the Ninth Circuit. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b).").

Because there is no evidence that Petitioner obtained permission to file the pending Amended Petition from the Ninth Circuit, this Court lacks jurisdiction to consider the merits of the Petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody and so the District Court was without jurisdiction to entertain it."). Based on the procedural posture of this case, the Amended Petition should be transferred to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3.

## II. Conclusion

Accordingly, the Court should transfer this matter to the Ninth Circuit Court of Appeals as a second or successive petition and administratively close this case.

Accordingly,

**IT IS RECOMMENDED** that the Court **GRANT** Respondents' Motion to Dismiss (Doc. 13), transfer the Amended Petition to the Ninth Circuit Court of Appeals as a second or successive petition, and administratively close this case.

**IT IS FURTHER RECOMMENED** that the Court **DENY** Petitioner's request that the Court stay this matter. (Doc. 15 at 3.)

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 15th day of December, 2017.

_____
Bridget S. Bade
United States Magistrate Judge